## FLOYD BYERS v. E. O. DAHLQUIST CONTRACTING COMPANY AND OTHERS.[1]

December 8, 1933.

No. 29,567.

*Gillette & Meagher,* for relator.

*Alvin W. Swanson,* for respondent Standard Surety & Casualty Company.

*C. H. Schaefer,* for respondent Floyd Byers.

[1]Reported in 251 N. W. 267.

*LORING, Justice.*

Certiorari to the industrial commission. The Sun Indemnity Company, hereinafter called the relator, on May 1, 1931, issued a policy under the workmen's compensation act to the E. O. Dahlquist Contracting Company, the employer of this plaintiff-respondent. October 9, 1931, it desired cancelation of the policy and so advised its agent, who on that date secured a policy in the Standard Surety & Casualty Company, one of these respondents, which afforded coverage from and after date of October 9, 1931. When the policy of the Standard Surety & Casualty Company was delivered to a clerk in the office of the Dahlquist company on October 9, 1931, the agent told the clerk that the relator had asked that its policy be picked up as it had been canceled. The clerk refused to return the relator's policy because there were some outstanding claims under it. It does not appear that any officer of the Dahlquist company ever had knowledge of this attempted cancelation until sometime in January, 1932, when a letter from the relator was received by the employer stating that the insurance was canceled.

October 22, 1931, the plaintiff herein sustained an injury which entitled him to compensation, and the Standard Surety & Casualty Company paid him compensation until January, 1932, when the payments ceased. Plaintiff-respondent filed a petition with the industrial commission seeking additional compensation from his employer and the Standard company, but the relator was not joined. Thereafter in April, 1932, a petition was filed by the Standard company to have the relator joined as an additional party defendant on the ground that the circumstances which occurred on October 9, 1931, did not constitute a cancelation and that consequently the relator's policy was in effect at the time of the accident. The relator resisted this motion, but the industrial commission ordered that it be made a party defendant, and relator then filed its answer alleging cancelation as of October 9, 1931. The referee awarded compensation against the relator and the Standard company from the date of the accident to April 1, 1932. Upon appeal the industrial commission modified this award to the extent that the relator was not liable for the amounts already paid out by the

Standard company. Relator's liability for its share of those payments is not before us.

The relator contends (1) that the policy of insurance with it was canceled October 9, 1931, and was not in effect at the time of plaintiff's accident; (2) that no one other than the named insured can question the validity of the acts claimed to cancel the policy; and (3) that the industrial commission, being the creation of statute and having only powers commensurate with those given it by statute, could not bring in additional defendants.

■ We are of the opinion that the relator's policy of insurance was not canceled by what took place on October 9, and that it was in effect until the notice of cancelation subsequently given had become effective. No officer of the employer was shown to have any knowledge of the proposal to cancel, and no authority is shown in the clerk to accept cancelation. We find nothing in the record which shows that the employer had ratified the attempted cancelation of October 9.

■ We think that the industrial commission was right in entertaining the application of the Standard company to have a determination whether there was a coinsurer who should share the loss. If the cancelation was not effective as of October 9, then there was a coinsurer whose duty it was to share the loss with the Standard company.

■ Under the compensation law of this state we think that the employe has such an interest in his employer's insurance that the industrial commission, in protecting such employe, may bring in an alleged coinsurer as an additional respondent.

The decision of the commission is affirmed and writ discharged.